IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN C. FORD, a Minor, by and through his
Guardian, GARY GOODEMOTE,
8723 West Ridge Road
Girard Township, PA 16417

and

ROBERT FORD and MAE FORD,
Individually,
8723 West Ridge Road
Girard Township, PA 16417

Plaintiffs,

v.

ICON HEALTH AND FITNESS, INC.,
1550 South 100 West
Logan, UT 84110

and

SEARS, ROEBUCK AND COMPANY,
3333 Beverly Road
Hoffman Estates, IL 60179

Defendants.

No. 05-54 Erie

Judge Sean J. McLaughlin

**FILED ELECTRONICALLY**

### UNCONTESTED MOTION FOR LEAVE TO CONDUCT INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF RYAN C. FORD AND MOTION FOR LEAVE OF COURT TO DEPOSE PLAINTIFF RYAN C. FORD'S LIABILITY EXPERT

Defendants, Icon Health and Fitness, Inc. ("Icon") and Sears, Roebuck and Company ("Sears"), by and through their undersigned counsel, file this uncontested motion for leave to conduct an independent medical examination ("IME") of Plaintiff Ryan C. Ford, a minor, and also to depose Plaintiff Ryan C. Ford's liability expert, and in support thereof, state as follows:

1. Plaintiffs filed this action on or around January 11, 2005.

2. Plaintiffs' Complaint arises out of an incident alleged to have occurred on January 18, 2003 involving a piece of exercise equipment known as the Pro Form R-930 Space Saver Rider (the "Rider").

3. Specifically, Plaintiffs' lawsuit alleges that "on or about January 18, 2003 . . . the Rider closed and locked on Plaintiff [Ryan Ford] while he was sitting on [it]." *Plaintiffs' Complaint*, ¶¶ 7-8.

4. Plaintiffs' lawsuit further alleges that as a result of the above alleged incident, Plaintiff Ryan C. Ford sustained the following injuries:

    a. anoxic encephalopathy;

    b. traumatic asphyxia;

    c. chest wall compression;

    d. unconsciousness;

    e. cyanotic episode;

    f. upper chest contusion;

    g. hypoxic/ischemic brain injury;

    h. post-concussive syndrome;

    i. stridor;

    j. mild mental retardation;

    k. aggravation of attention deficit hyperactivity disorder;

    l. fatigue;

    m. nightmares;

    n. emotional problems of tantrum and aggression;

      o.    learning difficulties, including speech articulation;

      p.    anxiety;

      q.    pavor nocturnus (night tremors)

      r.    post-traumatic stress disorder;

      s.    cognitive difficulties;

      t.    variable/intermittent ptosis of eyelids; and

      u.    shock to nerves and nervous system.

5. On July 8, 2005, Icon and Sears served discovery in the form of written interrogatories and document requests on Plaintiff Ryan C. Ford.

6. Among the interrogatories served on Plaintiff Ryan C. Ford were the following:

> 16. Identify all persons whom the plaintiffs, the plaintiffs' attorney, investigators or representatives have retained or specially employed as an investigator, consultant and/or expert in preparation for and/or in anticipation of litigation or in preparation for trial.
>
> 17. Identify all persons whom plaintiffs expect to call as an expert witness at trial, specifying separately with respect to each, the name, address, employer and expected testimony of said witness.

7. On or around September 23, 2005, Plaintiff Ryan C. Ford served his Answers to Defendants' discovery requests.

8. Plaintiff Ryan C. Ford responded to the above interrogatories as follows:

> 16. Plaintiff has not yet retained an investigator, consultant or expert they intend to call at trial. However, once an expert(s) are retained, a copy of their C.V. and report will be provided to Defendants.
>
> 17. See #16.

9.  Plaintiff did not supplement the foregoing interrogatory responses during this matter's discovery period.

10. Rather, on or around August 30, 2006, Plaintiff Ryan C. Ford filed his Pretrial Statement, in which he disclosed the following engineering expert (and his expert report) and the following medical experts (and each's respective expert report):

Expert Disclosures:

1. Dr. Howard P. Medoff, Ph.D., P.E., 1600 Woodland Road, Abington, PA 19001

Medical Expert Disclosures:

1. Barbara Gaines, M.D., 3705 Fifth Avenue, Pittsburgh, PA 15213

2. Robert E. Wilson, M.D., Ph.D., 1910 Sassafrass Street, Erie, PA 16502

3. Christine Brown, M.D., 1700 Peach Street, Suite 200, Erie, PA 16501

4. Mitchell Humphrey, M.D., 7287 Main Street, Fairview, PA 16415

5. Peter M. Intrieri, M.D., c/o Hamot Medical Center, 201 State Street, Erie, PA 16550

11. Although Plaintiff Ryan C. Ford had disclosed that he had treated with Drs. Gaines, Brown, and Humphrey, he did not identify Dr. Brown or Humphrey as "experts" until the filing of his Pretrial Statement.

12. Furthermore, although Plaintiff Ryan C. Ford's discovery responses disclosed his treatment at Hamot Medical Center, and although Plaintiff had provided Dr. Intrieri's January 18, 2003 report, he only identified Drs. Intrieri and Wilson as "experts" in his Pretrial Statement.

4

13. As such, Plaintiff Ryan C. Ford did not disclose 4 out of his 5 medical experts or engineering expert until he filed his Pretrial Statement, which was on or around August 30, 2006.

14. The medical expert reports which are attached to Plaintiff Ryan C. Ford's Pretrial Statement place his physical and mental state at issue with respect to the alleged injuries suffered as a result of the January 18, 2003 incident.

15. Under Federal Rule of Civil Procedure 35. Physical and Mental Examinations of Persons:

> (a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or person by whom it is to be made.

16. In this case, Plaintiff Ryan C. Ford's physical and mental conditions are in controversy, as demonstrated by the medical expert opinions contained Plaintiffs' Pretrial Statements, which were filed on August 30, 2006.

17. Specifically, Plaintiff Ryan C. Ford's Pretrial Statement alleges that the injuries sustained as a result of the events giving rise to his lawsuit are "serious and permanent as set forth more extensively in the expert medical reports attached hereto." *Plaintiff Ryan C. Ford Pretrial Statement, ¶ 2.*

18. As such, the above standard regarding physical and mental examinations is satisfied.

19. Furthermore, Plaintiff Ryan C. Ford's Pretrial Statement states that each expert's deposition will be taken via videotape and presented at trial and his engineering expert will testify live at trial. *Plaintiff Ryan C. Ford Pretrial Statement,* ¶4.

20. Therefore, Defendants have not had the opportunity to depose the foregoing individuals, or to seek expert evaluation of the foregoing individuals' opinions as to Ryan C. Ford's medical condition and/or damages.

21. Likewise, due to the late disclosure of Plaintiff Ryan C. Ford's liability expert, Defendants have not had the opportunity to depose Dr. Medoff, as discovery in this matter closed on July 31, 2006.

22. As such, for the foregoing reasons, along with those set forth in the supporting brief, Defendants respectfully request that this Honorable Court grant Defendants the opportunity to allow an expert for Defendants to perform an IME on Plaintiff Ryan C. Ford.

23. Defendants also respectfully request that this Honorable Court grant Defendants the opportunity to depose Plaintiff Ryan C. Ford's liability expert, Dr. Medoff.

24. The time of the IME will be as soon as practicable upon agreement of the parties, and Defendants are planning to use Mark S. Scher, M.D. with an office address of Rainbow Babies & Children's Hospital, Neurology Division, 11100 Euclid Avenue, Cleveland, OH 44106 and H. Gerry Taylor, Ph.D. with an office address of Rainbow Babies & Children's Hospital, Department of Pediatrics, 11100 Euclid Avenue, Cleveland, OH 44106. The scope of the IME will be to determine the long term effect of the injuries alleged to have been suffered by Ryan Ford, as set forth in the expert reports attached to Plaintiff Ryan Ford's Pretrial Statement.

WHEREFORE, Defendants, Icon Health and Fitness, Inc. and Sears, Roebuck and Company respectfully request that this Honorable Court enter an Order permitting Defendants to cause an independent medical examination of Plaintiff Ryan C. Ford, and also permitting Defendants leave to depose Plaintiff Ryan C. Ford's liability expert, as set forth in the attached proposed Court Order.

Respectfully submitted,

PICADIO SNEATH MILLER & NORTON, P.C.

By: /s/ Henry M. Sneath
Henry M. Sneath, Esquire
Pa. I.D. No. 40559
Shannon M. Clougherty, Esquire
Pa. I.D. No. 88586
4710 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
(412) 288-4000
Counsel for Defendants