IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN C. FORD, a Minor, by and through his
Guardian, GARY GOODEMOTE,
8723 West Ridge Road
Girard Township, PA 16417

and

ROBERT FORD and MAE FORD,
Individually,
8723 West Ridge Road
Girard Township, PA 16417

        Plaintiffs,

v.

ICON HEALTH AND FITNESS, INC.,
1550 South 100 West
Logan, UT 84110

and

SEARS, ROEBUCK AND COMPANY,
3333 Beverly Road
Hoffman Estates, IL 60179

        Defendants.

No. 05-54 Erie

Judge Sean J. McLaughlin

**FILED ELECTRONICALLY**

## BRIEF IN SUPPORT OF UNCONTESTED MOTION FOR LEAVE TO CONDUCT INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF RYAN C. FORD

Defendants, Icon Health and Fitness, Inc. ("Icon") and Sears, Roebuck and Company ("Sears"), by and through their undersigned counsel, file the following Brief in Support of their Uncontested Motion for Leave to Conduct an Independent Medical Examination ("IME") of

Plaintiff Ryan C. Ford, a minor, and its Motion for Leave of Court to Depose Liability Expert of Plaintiff Ryan C. Ford, and in support of the foregoing, state as follows:

## I.   FACTUAL BACKGROUND

Plaintiffs filed their Complaint against Defendants on or around January 11, 2005. The allegations contained therein arise out of an incident alleged to have occurred on January 18, 2003 involving a piece of exercise equipment known as the Pro Form R-930 Space Saver Rider (the "Rider"). The Rider was manufactured by Icon and believed to have been sold to Plaintiffs Robert and Mae Ford by Sears.

Plaintiffs' lawsuit alleges that "on or about January 18, 2003 . . . the Rider closed and locked on Plaintiff [Ryan Ford] while he was sitting on [it]." *Plaintiffs' Complaint*, ¶¶ 7-8. As a result of the foregoing alleged incident, Plaintiffs have asserted that Ryan Ford ("Ryan Ford"), a minor, sustained the following injuries:

>   a.   anoxic encephalopathy;
>   b.   traumatic asphyxia;
>   c.   chest wall compression;
>   d.   unconsciousness;
>   e.   cyanotic episode;
>   f.   upper chest contusion;
>   g.   hypoxic/ischemic brain injury;
>   h.   post-concussive syndrome;
>   i.   stridor;
>   j.   mild mental retardation;
>   k.   aggravation of attention deficit hyperactivity disorder;
>   l.   fatigue;
>   m.   nightmares;
>   n.   emotional problems of tantrum and aggression;
>   o.   learning difficulties, including speech articulation;
>   p.   anxiety;
>   q.   pavor nocturnus (night tremors)
>   r.   post-traumatic stress disorder;
>   s.   cognitive difficulties;
>   t.   variable/intermittent ptosis of eyelids; and
>   u.   shock to nerves and nervous system.

*Complaint*, ¶ 9. Plaintiffs' Complaint also raises claims for negligence, strict liability and breach of warranty against Icon based on the alleged defect of the Rider. On July 8, 2005, Icon and Sears served discovery in the form of written interrogatories and document requests on Plaintiff Ryan Ford. Among the interrogatories served were the following:

> 16. Identify all persons whom the plaintiffs, the plaintiffs' attorney, investigators or representatives have retained or specially employed as an investigator, consultant and/or expert in preparation for and/or in anticipation of litigation or in preparation for trial.
>
> 17. Identify all persons whom plaintiffs expect to call as an expert witness at trial, specifying separately with respect to each, the name, address, employer and expected testimony of said witness.

On or around September 23, 2005, Plaintiff Ryan Ford served his Answers to Defendants' discovery requests, and responded to the above interrogatories as follows:

> 16. Plaintiff has not yet retained an investigator, consultant or expert they intend to call at trial. However, once an expert(s) are retained, a copy of their C.V. and report will be provided to Defendants.
>
> 17. See #16.

Plaintiff Ryan Ford did not supplement the foregoing interrogatory responses during this matter's discovery period. Rather, on or around August 30, 2006, Plaintiff Ryan Ford filed his Pretrial Statement, in which he disclosed the following engineering expert (and his expert report) and the following medical experts (and each's respective expert report):

Expert Disclosures:

> 1. Dr. Howard P. Medoff, Ph.D., P.E., 1600 Woodland Road, Abington, PA  19001

3

Medical Expert Disclosures:

1. Barbara Gaines, M.D., 3705 Fifth Avenue, Pittsburgh, PA 15213

2. Robert E. Wilson, M.D., Ph.D., 1910 Sassafrass Street, Erie, PA 16502

3. Christine Brown, M.D., 1700 Peach Street, Suite 200, Erie, PA 16501

4. Mitchell Humphrey, M.D., 7287 Main Street, Fairview, PA 16415

5. Peter M. Intrieri, M.D., c/o Hamot Medical Center, 201 State Street, Erie, PA 16550

Although Plaintiff Ryan Ford had disclosed that he had treated with Drs. Gaines, Brown, and Humphrey, he did not identify Dr. Brown or Humphrey as "experts" until the filing of his Pretrial Statement. Furthermore, although Plaintiff Ryan Ford's discovery responses disclosed his treatment at Hamot Medical Center, and although Plaintiff had provided Dr. Intrieri's January 18, 2003 report, he only identified Drs. Intrieri and Wilson as "experts" in his Pretrial Statement.

As such, Plaintiff Ryan Ford did not disclose 4 out of his 5 medical experts or engineering expert until he filed his Pretrial Statement, which was on or around August 30, 2006. The medical expert reports which are attached to Plaintiff Ryan Ford's Pretrial Statement place his physical and mental state at issue with respect to the alleged injuries suffered as a result of the January 18, 2003 incident. Therefore, Defendants are seeking an IME pursuant to Rule 35 of the Federal Rules of Civil Procedure. Furthermore, Defendants are seeking to depose Plaintiff's liability expert, Dr. Howard Medoff, who was only made known to Defendants with the filing of Plaintiff's Pretrial Statement. In this regard, Defendants had

not received a copy of Dr. Medoff's report prior to August 30, 2006, which is after the close of discovery in this matter.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 35. Physical and Mental Examinations of Persons:

> (a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or person by whom it is to be made.

Under Pennsylvania law construing Rule 35, a district court "may order a party to submit to a mental [or physical] examination only if that party's mental [or physical] condition is 'in controversy,' and the movant has show 'good cause' for the person to be examined." *Womack v. Stevens Transport, Inc.*, 205 F.R.D. 445, 446 (E.D. Pa. 2001). The plaintiff may place his mental or physical condition in controversy "through [his] pleadings." *Id.* at 447. Additionally, "[g]ood cause requires a showing that the examination could adduce specific facts relevant to the cause of action and is necessary to the defendant's case." *Id.*

In this case, although Plaintiff Ryan Ford's Complaint place his physical and mental conditions in controversy, the medical expert opinions contained in Plaintiffs' Pretrial Statements, which were filed and made known to Defendants on August 30, 2006, are attached to Plaintiff Ryan Ford's Pretrial Statement to support Plaintiff's allegation that "the injuries sustained as a result of the events giving rise to his lawsuit are 'serious and permanent as set

5

forth more extensively in the expert medical reports attached hereto.'" *Plaintiff Ryan C. Ford Pretrial Statement,* ¶ 2. As such, the "in controversy" prong of the above standard is satisfied.

Furthermore, as Defendants were not even aware of Plaintiffs' expert disclosures until August 30, 2006, Defendants have not had the opportunity to cross examine those individuals, or their evaluations, let alone conduct an independent evaluation of the severity Ryan Ford's alleged injuries as related to the January 18, 2003 incident, and as described by his experts through their reports, filed on August 30, 2006. In this regard, the "good cause shown" prong of the above-recited standard is likewise satisfied.

Additionally, Plaintiff Ryan Ford's Pretrial Statement states that each expert's deposition will be taken via videotape and presented at trial and his engineering expert will testify live at trial. *Plaintiff Ryan C. Ford Pretrial Statement,* ¶4. Defendants have not had the opportunity to depose the medical experts. Likewise, Defendants have not had the opportunity to seek expert evaluation of the foregoing individuals' opinions as to Ryan Ford's medical (physical and mental) condition and/or his alleged damages. Under these circumstances, Defendants have met the burden required by Rule 35 for the allowance of an examination, and respectfully request that this Honorable Court order that Defendants be permitted to conduct an IME of Plaintiff Ryan Ford. Furthermore, Plaintiff states in his Pretrial Statement that he is planning to depose those individuals via videotape for use at trial, and those depositions have not yet been scheduled. Therefore, allowing Defendants the opportunity to conduct an IME will not serve to delay this matter or work as a prejudice to any party involved.

Finally, Defendants also request that this Court grant Defendants leave to depose Plaintiff's engineering expert, as Plaintiffs did not disclose the identity of Mr. Medoff prior to the filing of their Pretrial Statements. As such, Defendants did not have the opportunity to

6

depose Mr. Medoff prior to the close of discovery in this matter. Defendants will suffer prejudice as a result of not being able to depose Plaintiff Ryan Ford's liability expert because Defendants cannot adequately prepare a defense as to the claims of the expert without taking his deposition, and securing testimony with respect to the opinions contained in his report.

### III. CONCLUSION

Because Defendants satisfy the standard set forth in Rule 35 for physical and mental examinations, Defendants respectfully request that this Honorable Court grant Defendants the opportunity to allow an expert for Defendants to perform an IME on Plaintiff Ryan Ford and enter the order attached to Defendants' motion accordingly. The time of the IME will be as soon as practicable upon agreement of the parties, and Defendants are planning to use Mark S. Scher, M.D. with an office address of Rainbow Babies & Children's Hospital, Neurology Division, 11100 Euclid Avenue, Cleveland, OH 44106 and H. Gerry Taylor, Ph.D. with an office address of Rainbow Babies & Children's Hospital, Department of Pediatrics, 11100 Euclid Avenue, Cleveland, OH 44106. The scope of the IME will be to determine the long term effect of the injuries alleged to have been suffered by Ryan Ford, as set forth in the expert reports attached to Plaintiff Ryan Ford's Pretrial Statement.

Furthermore, because Defendants will be prejudiced in their preparation of their defense in this matter without the deposition of Plaintiff's liability engineering expert, Defendants likewise respectfully request that this Honorable Court grant Defendants leave to depose Dr. Howard P. Medoff.

        Respectfully submitted,

        PICADIO SNEATH MILLER & NORTON, P.C.

By:    */s/ Henry M. Sneath*
      Henry M. Sneath, Esquire
      Pa. I.D. No. 40559
      Shannon M. Clougherty, Esquire
      Pa. I.D. No. 88586
      4710 U.S. Steel Tower
      600 Grant Street
      Pittsburgh, PA 15219
      (412) 288-4000
      Counsel for Defendants